Francisco Giyolen **BUENAVENTURA,**
Appellant,

v.

**UNITED STATES** of America,
Appellee.

Loncito Esperanza **SUENTE,** Appellant,

v.

**UNITED STATES** of America,
Appellee.

Nos. 17267, 17268.

United States Court of Appeals
Ninth Circuit.

May 31, 1961.

W. Scott Barrett and Spiegel, Turner, Barrett & Ferenz, San Francisco, Cal., and Turner, Barrett & Ferenz, Agana, Guam, for appellants.

Herbert G. Homme, Jr., U. S. Atty., Agana, Guam, and Kevin T. Maroney and Robert L. Keuch, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before HAMLIN, JERTBERG and KOELSCH, Circuit Judges.

HAMLIN, Circuit Judge.

The appellants were charged, in identical two-count informations filed in the United States District Court for the Territory of Guam, with unlawfully entering the Guam Island Naval Defensive Sea Area in violation of 18 U.S.C.A. § 2152, a felony (Count I),[1] and with stowing away aboard a vessel of the Military Sea Transportation Service in violation of 18 U.S.C.A. § 2199, a misdemeanor (Count II).[2]

The informations were filed on June 14, 1960. Counsel was appointed to represent the appellants, and on June 24, 1960, a motion was made to dismiss the first count of each indictment.[3] In the discussion of this motion District Judge Gilmartin asked whether the appellants were arrested on the high seas and whether they were in custody when they entered the Naval Defensive Sea Area. The United States Attorney was unprepared at the time to answer this question, and after some discussion the judge suggested that the defendants could be placed upon the stand and could be asked that particular question. Appointed counsel objected, stating, "This is a very great surprise to me, your Honor, and I, as their counsel object to their testifying at this time." However, each appellant was called to the stand and was questioned by the judge as to the time that he was arrested, and an-

---

1. § 2152. Fortifications, harbor defenses, or defensive sea areas "* * * whoever knowingly, willfully, or wantonly violates any duly authorized and promulgated order or regulation of the President governing persons or vessels within the limits of defensive sea areas, which the President, for purposes of national defense, may from time to time establish by executive order—

"Shall be fined not more than $5,000 or imprisoned not more than five years, or both."

Exec. Order No. 8683, 6 Fed.Reg. 1015 (1941), as amended by Exec. Order No. 8729, 6 Fed.Reg. 1791 (1941).

"* * * [T]he territorial waters between the extreme high-water marks and the three-mile marine boundaries surrounding the islands of Rose, Tutuila, and Guam, in the Pacific Ocean, are hereby established and reserved as naval defensive sea areas for the purposes of national defense. * * *

"At no time shall any person, other than persons on public vessels of the United States, enter any of the naval defensive sea areas herein set apart and reserved * * * unless authorized by the Secretary of the Navy * * *."

2. "§ 2199. Stowaways on vessels or aircraft

"Whoever, without the consent of the owner, charterer, master, or person in command of any vessel * * * with intent to obtain transportation, boards, enters or secretes himself aboard such vessel * * * and is thereon at the time of departure of said vessel * * * from a port * * * within the jurisdiction of the United States; or

"Whoever, with like intent, having boarded, entered or secreted himself aboard a vessel * * * at any place within or without the jurisdiction of the United States, remains aboard after the vessel * * * has left such place and is thereon at any place within the jurisdiction of the United States * * *

"Shall be fined not more than $1,000 or imprisoned not more than one year, or both * * *."

3. Appellants' motion was based on the following grounds:

"1. Executive Order 8683 which defendant is charged with violating was superseded and hence became of no force or effect, by the Organic Act of Guam.

"2. Executive Order 8683 is unconstitutional in that it denies due process of law to citizens of the United States. Executive Order 8683 is therefore void and of no effect.

"3. The United States Navy in enforcing Executive Order 8683 has not provided for a hearing in keeping with the minimum procedural requirements of due process of law, and said Executive Order 8683 is therefore unconstitutional."

swers of each indicated that he had been arrested about three days before the vessel arrived at Guam. Buenaventura also testified as follows:

"Q. You are not guilty? A. My only guilt is a stowaway because I can't find my own money, so I come from the British colony, I go to the American.

"Q. I understand you say you are not guilty of violating the section of the Code pertaining to the defensive sea area? You are guilty of violating the section of the Code pertaining to being a stowaway. A. Yes, sir, just because I got no money for transportation, so what do I do?

"The Court: Very well, you may step down."

Suente, the other appellant, stated in answer to questions that he had been arrested and placed in the brig three days before the vessel reached Guam. On the basis of these statements the court said, "Very well, I am going to dismiss count one in Criminal Case No. 29–60 and also dismiss count one in Criminal Case 30–60, for the reason that these defendants were in custody of the United States authorities aboard a United States Ship when they entered the port of Guam and not for any reason suggested by the defendants' motion."

On July 1, 1960, counsel for appellants moved before another judge to dismiss the second count in each information charging appellants with "stowing away," on the ground that the two appellants were required in open court "a week ago today, to incriminate themselves contrary to their Constitutional rights and privileges and over objections of counsel." The judge at that time denied the motion, stating, "Isn't this a matter that ought to be brought up to present that at the time of trial? If the Government tries to present these incriminating statements at the trial, wouldn't that be the time to object?"

On September 30, 1960, the appellants appeared before Judge Gilmartin for the purpose of having a trial date set. The two cases were then consolidated for trial and set for October 17, 1960, before the court without a jury.[4] When the matter came before Judge Gilmartin for trial, counsel for appellants stated, "On behalf of the defendants, I move at this time the charges be dismissed upon the ground the defendants were required, over the objections of counsel, to make a judicial confession on the 24th of June, 1960, in this court." The following discussion then took place:

"The Court: Make a judicial confession?

"Mr. Barrett: Yes, your Honor.

"The Court: In what way?

"Mr. Barrett: Well, it is a matter of record, I think, your Honor, that hearing of June 24, 1960, where the Court examined the defendants over my objections. In the alternative, I moved to continue the matter until it could be heard by another Judge.

"The Court: Do you have a written notice on this matter?

"Mr. Barrett: No, I filed a written motion before Judge Ferber on the same question and it was denied.

"The Court: And you are renewing your motion again this morning?

"Mr. Barrett: Yes, for the record.

"The Court: For the record, your motion is denied."

The trial then proceeded. Uncontradicted evidence, including confessions made by the appellants to an immigration officer at the time the ship docked at Guam, established that each had stowed away upon the vessel in question when it left the Philippines. The appellants did not take the stand, and no evidence was introduced on their behalf. During the trial no reference of any kind was made to the proceedings of June 24, 1960, nor were the statements of the defendants

4. The case was not triable before a jury since the only remaining count charged a misdemeanor for which there is no provision for jury trials.

made on that day offered or received in evidence.

At the conclusion of the testimony counsel for appellants neither made nor requested permission to make an argument on their behalf. Both were found guilty, and the one-year sentence that was imposed on each was suspended, the appellants being placed on probation for a period of five years on condition that they "depart the territory of Guam on the first available transportation."[5]

No motion for a new trial was made on behalf of the appellants, but they timely filed an appeal to this court, which has jurisdiction under the provisions of 28 U.S.C.A. §§ 1291 and 1294.

We feel that the action of the district judge on June 24, 1960, in questioning each defendant as to when each was arrested, was improper and should not have occurred. The fact that his motive was to assist appellants and that his action actually resulted in the dismissal by the court of the felony count in each information is immaterial. Each appellant had the right under the Fifth Amendment not to be required to give evidence against himself, and we feel that under the circumstances the district judge violated the Constitutional rights of the appellants.

However, we do not feel that the defendants were prejudiced at trial by the occurrences of June 24 or that a reversal of the convictions is required. The uncontradicted evidence introduced at the trial established without question the guilt of each appellant. In almost every case where a trial is before a judge sitting without a jury, the judge, during the course of the trial, will receive some information, or some document or written confession may be offered in evidence, which may not be legally admissible and which is not received in evidence. The court is required to examine such document in determining its admissibility. Likewise, it is true that a judge in proceedings in a criminal case from the time of the arraignment and through various preliminary motions up to the time of trial may receive some information bearing on the guilt of a defendant. However, this cannot be held to have prevented a defendant from receiving a fair trial before the same judge and from having his case determined solely upon the evidence legally admitted during the trial. By using his training and experience the judge can and must separate the evidence which has been legally admitted during the trial from the statements or documents which have not been so admitted.

We feel that the appellants suffered no substantial injustice in this case.

Judgment affirmed.

---

5. Upon oral argument before this court it was stated that each defendant has already been deported from Guam.